**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

**12 0154**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Edith Weinstein, Executrix of the Estate of Irwin Weinstein, deceased

**DEFENDANTS**
Kathleen Sebelius, Secretary of the United States Dept. of Health and Human Services

(b) County of Residence of First Listed Plaintiff: **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James I. Devine, Esquire, 509 Swede Street, Norristown, PA 19401; (610) 292-9300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☒ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Medicare Secondary Payer Lien Challenge

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE:** 01/12/2012

**SIGNATURE OF ATTORNEY OF RECORD**

JAN 13 2012

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 931 Indian Creek Way Horsham, PA 19044

Address of Defendant: 200 Indep. Ave., S.W. Washington, D.C. 20201

Place of Accident, Incident or Transaction: Elkins Park, PA and Philadelphia PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Medicare Secondary Payer Lien Challenge

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

JAN 13 2012

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, James I. Devine , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/12/2012     James I. Devine     39270
                    Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/12/2012     James I. Devine     39270
                    Attorney-at-Law      Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



### CASE MANAGEMENT TRACK DESIGNATION FORM

Edith Weinstein, Executrix of the
Estate of Irwin Weinstein, Deceased
    v.
Kathleen Sebelius, Secretary of
the United States Dept. of Health
and Human Services

CIVIL ACTION

No. 12 0154

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 01/12/2012 | James I. Devine | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-292-9300 | 610-270-0503 | jamesdevinelawoffice@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 13 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDITH WEINSTEIN, Executrix of the
Estate of Irwin Weinstein, deceased
931 Indian Creek Way
Horsham, PA 19044

v.

KATHLEEN SEBELIUS, Secretary
of the United States Department of Health
and Human Services
200 Independence Avenue, S.W.
Washington, D.C. 20201

CIVIL ACTION No.:

**12   0154**

## COMPLAINT

### PARTIES

1. The plaintiff is Edith Weinstein, an adult individual who is the duly appointed personal representative of the estate of Irwin Weinstein. Edith Weinstein resides at 931 Indian Creek Way, Horsham, Pennsylvania 19044.

2. The defendant is Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, whose office is located at 200 Independence Avenue, S.W., Washington, D.C. 20201.

### JURISDICTION

3. This Court possesses subject matter jurisdiction pursuant to 42 U.S.C.A. §405 (g).

### VENUE

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. §1395 ff (b).

FACTS

5. The plaintiff herein filed a lawsuit captioned <u>Edith Weinstein, Executrix of the Estate of Irwin Weinstein, deceased v. Albert Einstein Medical Center, Elkins Park Hospital, Einstein at Elkins Park, Kathleen Ann Hayward, M.D., Matthew Christianson, M.D. and Dresher Hill Health and Rehabilitation Center, C.C.P. Philadelphia County, April Term, 2007, No. 0623</u> on April 11, 2007, arising from the treatment of Irwin Weinstein at Elkins Park Hospital/Einstein at Elkins Park and Albert Einstein Medical Center on April 10, 2005. Irwin Weinstein died on September 4, 2005.

6. In said lawsuit, the plaintiff claimed that Irwin Weinstein should have been administered thrombolytic therapy ("TPA") to treat his cerebral stroke on April 10, 2005 within three hours of the onset of his symptoms. The defense in the underlying medical malpractice case claimed, <u>inter alia</u>, that their decision against administering TPA on April 10, 2005 was based on sound medical judgment. The defendants claimed that Irwin's history of ongoing hemorrhoid bleeding, his elevated blood pressure and his clinical improvement on April 10, 2005 after his initial presentation supported their decision not to administer TPA, a medication used to lyse clots and restore cerebral blood flow. The defendants argued further that a CT scan study of Irwin's brain on April 16, 2005, six days later, demonstrated that Irwin suffered another newly-onset cerebral hemorrhage, which was the real reason for Irwin's prolonged hospitalization and death.

2

7. The aforementioned lawsuit, *Weinstein v. AEMC*, was ultimately settled amicably by the parties, who reached a confidential settlement agreement.

8. Plaintiff filed a Motion for Court Determination of Applicable Medicare Lien on September 26, 2008 in the trial court, which Defendants joined on October 2, 2008. Said Motion laid out both parties' arguments concerning the alleged medical malpractice and requested a Court Order limiting the time frame and amount of the Medicare recovery to $2,922.34, subject to a pro-rata deduction for procurement costs, which reflects the amount paid by Medicare from April 10, 2005 through April 16, 2005, the date of the subsequent head CT scan that demonstrated the new acute bleed.

9. The trial court dismissed Plaintiff's Motion for Court Determination of Applicable Medicare Lien noting that Plaintiff was free to present the lien issue in its Petition for Court Approval of Settlement and Distribution in Wrongful Death and Survival Action.

10. On October 30, 2008, Plaintiff filed a Petition for Court Approval of Settlement and Distribution in Wrongful Death and Survival Action. Attached to said Petition was Plaintiff's Motion for Court Determination of Applicable Medicare Lien and a limitation of the time frame and amount of the Medicare recovery to $2,922.34, subject to a pro-rata deduction for procurement costs.

11. The court in the aforementioned lawsuit, *Weinstein v. AEMC*, issued an order on November 20, 2008 approving the proposed settlement and distribution, including

the proposed limitation on the time frame and amount of the Medicare recovery to $2,922.34, subject to a pro-rata reduction for procurement costs.

12. Plaintiff's Motion for Court Determination of Applicable Medicare Lien, Defendant's Motion joining Plaintiff's Motion for Court Determination of Applicable Medicare Lien and Plaintiff's Petition for Court Approval of Settlement and Distribution in Wrongful Death and Survival Action were all served upon Medicare TPL, c/o JP Morgan Chase, 9000 Haggerty Road, MI1-8845, Belleville, Michigan. Without holding a fact-finding hearing and in violation of the due process rights of Edith Weinstein, the Medicare Appeals Council in its November 25, 2011 decision determined that Medicare TPL, c/o JP Morgan Chase, 9000 Haggerty Road, MI1-8845, Belleville, Michigan is not the address for the MSPRC contractor and that said address is the address for an ATM only. It is unclear to plaintiff what the Medicare Appeals Council means by the terminology "ATM". However, both Plaintiff and Defendant in the underlying medical malpractice lawsuit served their motion and response to that address, Plaintiff by FedEx delivery. Plaintiff received a letter from MSPRC - 8 c/o JP Morgan Chase dated December 3, 2008 acknowledging receipt of the correspondence sent. Therefore, for whatever purpose Medicare and MSPRC used that address, it sufficed for delivery and response concerning legal issues. The Medicare Appeals Council failed to acknowledge the fact that Medicare had, in fact, received and accepted without protest correspondence and legal motions at the address, which the Medicare Appeals Council appears to claim to be incorrect. Moreover, Medicare is bound by "on the merits" decisions of state courts whether or

not Medicare is served with the underlying state court motions and whether or not Medicare is a party or participates in the state court action.

13. Turning back to the events following the November 20, 2008 Court Order that determined the amount owed to Medicare, four months after the underlying medical malpractice case was resolved, the Medicare Secondary Payer Recovery Contractor ("MSPRC") issued a demand letter dated March 17, 2009 requesting payment of $90,230.51, less procurement costs, resulting in a net amount claimed of $58,393.57. Medicare demanded reimbursement for all of the medical expenses Medicare paid starting on April 10, 2005 up until Mr. Weinstein's death on September 4, 2005, less procurement costs.

14. Through counsel, plaintiff notified Medicare's contractor of her objection to the amount of Medicare's claim, explaining in detail the basis for the objection. The essence of the objection is that, first, Medicare is bound by the "on the merits" decision of the state court set forth in the November 20, 2008 Court Order. Additionally, Medicare is not entitled to be reimbursed for payment it made for treatment that the beneficiary, Irwin Weinstein, received that is unrelated to the medical negligence. Stated differently, Medicare is entitled to be reimbursed only for those medical expense payments it made for treatment that was necessitated by the claimed medical negligence. Plaintiff paid the full amount of Medicare's claim under protest, reserving her rights.

15. Plaintiff pursued all required administrative procedures and appeals before filing this action.

16. By letter dated November 25, 2011, the Department of Health and Human Services, Medicare Appeals Council notified plaintiff of its decision upholding the Administrative Law Judge's decision that had affirmed Medicare's determination that plaintiff owed Medicare the entire amount Medicare paid on behalf of Irwin Weinstein between April 10, 2005 and September 4, 2005, without reduction of any amount for the cost of care that Irwin Weinstein received unrelated to the medical negligence.

17. Plaintiff files the instant lawsuit seeking partial reimbursement of the amount paid to Medicare because the medical services provided to Irwin Weinstein after April 16, 2005, the date of the subsequent head CT scan that demonstrated the new acute bleed, were not proven by Medicare to be the result of the claimed professional negligence of healthcare providers, and because Medicare claimed reimbursement for the costs of medical treatments and services that were necessitated because of the stroke, rather than from treatment costs necessitated by malpractice. Medicare is <u>not</u> entitled to reimbursement of the medical care and hospitalization costs that Irwin Weinstein would have incurred for diagnosis and treatment of his stroke irrespective of the underlying alleged negligence of the failure to provide thrombolytic therapy. Nor is Medicare entitled to reimbursement for medical payments it made for treatment that would have been necessitated by Irwin Weinstein's second cerebral hemorrhage identified on April 16, 2005. Medicare failed to meet its burden of demonstrating what Medicare payments were made by reason of the failure to administer TPA versus what payments were made because of the initial stroke and

the April 16, 2005 cerebral bleed. Medicare has the ultimate burden of proving what medical services and payments were necessitated because of the malpractice. As such, given the facts of the case, Medicare is not entitled to be reimbursed the amount that Medicare paid after April 16, 2005. Nor is Medicare entitled to be reimbursed for payments it made for treatment necessitated by the initial stroke. Medicare's decision to require full reimbursement of the entire amount Medicare paid for treatment of the initial stroke and for the amount Medicare paid for treatment after April 16, 2005 is plainly erroneous and was based upon the application of an improper legal standard. Medicare, the Honorable Administration Law Judge and the Medicare Appeals Council applied an erroneous legal standard in determining the case. Additionally, the Medicare Appeals Council ("MAC") made a finding of fact concerning the Medicare address, without affording notice or hearing to Edith Weinstein. The MAC reached an unsupportable conclusion based upon its unsupported finding. Finally, plaintiff requested, but was erroneously denied the request that Medicare produce two designated witnesses at the ALJ hearing.

18. Plaintiff files the instant lawsuit seeking partial reimbursement of the overpayment to Medicare, plus interest and costs, because the state court decision approving the amount of the appropriate Medicare lien was on the merits and controlling in accordance with the Medicare Secondary Payer Manual. The state court considered each aspect of the Weinstein Estate's petition seeking court approval of the underlying settlement and allocation of the payment by the third party. No part of the state court decision was entered as a result of any default or technicality. By definition, the November 20, 2008 Order was on the merits: The state court was free

to reject, accept or alter any aspect of the Weinstein's estate's petition and request for a designated apportionment of medical expenses necessitated by the malpractice distinguished from the other elements of recovery. In its Secondary Payer Manual, Chapter 7 at 50.4.4 (2008), Medicare has specifically consented to State Courts or other adjudicators making such allocations. Medicare has agreed to be bound by those on the merits determinations. As such, Medicare has agreed to submit to the jurisdiction of such courts and adjudicators.

19. Aside from the plain import of Medicare's consent to state court decisions and jurisdiction, which the Administrative Law Judge failed to recognize and apply, the Weinstein estate sought testimony from Medicare at the ALJ hearing concerning its history of accepting and recognizing State Court Orders making such allocations. The Administrative Law Judge incorrectly refused to honor the Weinstein estate's request for such testimony at the ALJ hearing, which decision was erroneously affirmed by the MAC.

20. Additionally, the ALJ and the MAC erroneously failed to require Medicare to produce a designee to identify and provide documentation at the hearing concerning the breakdown and amount paid by Medicare for all medical treatment/services received by Irwin Weinstein from April 10, 2005 the date of his stroke, through September 4, 2005 the date of his death. The MAC did not address this point of appeal in its decision. Medicare wrongly deprived the Weinstein estate the opportunity to review and contest specific Medicare payments for which Medicare demanded reimbursement as being unrelated to the malpractice claim, even if a

judicial authority was to determine that the November 20, 2008 Court Order is not an "on the merits" decision.

21. The amount in controversy exceeds $1,350.00.

22. The ALJ and MAC failed to apply the proper legal standards in deciding the case. The ALJ and MAC failed to oblige the controlling Medicare Secondary Payer Manual in deciding the case. Moreover, the decisions of the ALJ and MAC are not supported by substantial evidence.

WHEREFORE, plaintiffs request judgment in their favor and against the defendant for an amount not in excess of $150,000.00, plus costs and whatever damages the Court deems just.

Date: 1-12-12

LAW OFFICE OF JAMES I. DEVINE

By: *James I. Devine*
JAMES I. DEVINE, ESQUIRE
Attorney for Plaintiff
509 Swede Street, Norristown, PA 19401
jamesdevinelawoffice@gmail.com
Telephone: (610) 292-9300
Attorney I.D. No. 39270

9